UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PATSY MARTENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:05CV00035ERW |
| ) | |
| COUNTRYWIDE HOME LOANS ) | |
| SERVICING LP, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendants' Motions to Dismiss [doc. # 4,5] and Motions for Sanctions [doc. # 6,7]. A hearing was held on December 22, 2005. On that same day, this Court converted Defendants' Motions to Dismiss into a Motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 12(b) and 56 and gave the parties an opportunity to file statements of uncontroverted facts and any additional exhibits necessary for the Court's review. Pursuant to this Court's Order, Defendants filed a Statement of Uncontroverted Facts and additional relevant exhibits on January 10, 2006. On February 1, 2006, Plaintiff filed a "Motion for Default Judgment," which this Court construed as a "Response in Opposition to Defendants' Statement of Uncontroverted Facts." On February 16, 2006, Defendants filed their Reply to Plaintiff's Response.

### I. BACKGROUND[1]

---

[1]The Court's recitation of facts is taken largely from the Defendants' Statement of Uncontroverted Facts. Pursuant to Local Rule 7-4.01(E), the memorandum accompanying a motion for summary judgment must "have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record,

1

On March 15, 2004, Plaintiff[2] executed a promissory note in the amount of $125,400, with an interest rate of 7.65%, with monthly payments of $889.74. The promissory note evidenced a loan to purchase a home in Adair County, Missouri. On that same date, Plaintiff executed a deed of trust on the real estate located in Adair County. The promissory note authorized Intervale Mortgage Corporation ("Intervale") to transfer the note. According to the provisions of the note, the transferee of the note would have the same rights and obligations of Intervale. The note was transferred to Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to this provision, and Wells Fargo is the current holder of the note. Countrywide Home Loans ("Countrywide") services the loan.

On September 23, 2004, Plaintiff executed a document titled "Substitution of Trustee Full Reconveyance," which attempted to substitute Curtis Richmond as the trustee of the March 15, 2004 Deed of Trust. Plaintiff lacked the legal authority or capacity to execute the document for or on behalf of Countrywide, and Countrywide did not consent to the execution.[3] On March 25, 2005, Plaintiff filed an instrument titled "Complaint Estoppel Against Foreclosure," seeking relief

---

and, if so, the appropriate citations." Each memorandum in opposition "shall include a statement of material facts as to which the party contends a genuine issue exists." The matters set forth in the moving party's statement of uncontroverted facts are deemed admitted for purposes of the summary judgment motion unless they are specifically controverted by the opposing party. Plaintiff failed to specifically controvert almost all of the facts recited by Defendants, and those facts will be deemed admitted for the purposes of this Order.

[2]Ms. Patsy L. Martens is the only named Plaintiff in this case. Unless otherwise noted by the Court, references to actions of "Plaintiff" include the actions of both Patsy Martens and her husband, George Martens.

[3]Many legal issues were resolved in an Order on Wells Fargo's Motion for Summary Judgment in *Wells Fargo Bank v. Martens*, 02V010500169 (Adair Cty., Mo., Dec. 29, 2005). Plaintiff does not dispute the findings of that court, and thus, they will be accepted as true by this Court.

against Intervale and Countrywide in connection with the inoperative Deed of Trust with the substitute Trustee. The Complaint Estoppel Against Foreclosure instrument did not affect the title to the real estate.

Plaintiff has failed to make any payments on the note since October 2004, and is currently in default. On March 21, 2005, Millsap & Singer, on behalf of Countrywide, sent Plaintiff a notice of a trustees sale. On March 28, 2005, Millsap & Singer sent Plaintiff a notice of acceleration of the note. On April 5, 2005, Plaintiff filed a voluntary petition in bankruptcy. *See In re Martens v. Countrywide Home Loans*, No. 05-6023 EM (B.A.P. 8th Cir. 2005). In her bankruptcy debt schedules, Plaintiff listed the debt to Countrywide in the amount of $125,400 and did not dispute the debt. On May 23, 2005, the bankruptcy court entered an Order granting Countrywide relief from the automatic stay provision, permitting Countrywide to foreclose on its interest in the real estate. On June 8, 2005, Millsap & Singer, on behalf of Countrywide, sent Plaintiff a notice of default and acceleration. On October 3, 2005, the Eighth Circuit Bankruptcy Appellate Panel affirmed the decision of the bankruptcy court that lifted the automatic stay. As of December 29, 2005, Wells Fargo had Judgment against Plaintiff in the amount of $139,745.92 for principal, accrued interest, late charges, and attorney's fees. Interest continues to accrue at 7.65% per annum and late charges accrue at $44.49 per month.

On June 13, 2005, Plaintiff filed suit in this Court alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1601 et seq ("FDCPA"). In her Complaint, she alleges that Defendants (1) engaged in collection activity against her without first advising her of her due process rights under 15 U.S.C. § 1692(g)(3) and (2) violated her due process rights by shortening the time to respond to debt collection efforts. During the in-court hearing, Plaintiff clarified the

3

claims made in her Complaint. She is seeking statutory damages and damages resulting from emotional distress, embarrassment, and humiliation.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Crumley v. City of St. Paul*, 324 F.3d 1003, 1006 (8th Cir. 2003). The United States Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 1).

"'By its terms, [Rule 56(c)(1)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of material fact.'" *Hufsmith v. Weaver*, 817 F.2d 455, 460 n.7 (8th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis added by Supreme Court)). Material facts are "those 'that might affect the outcome of the suit under governing law.'" *Id*. (quoting *Anderson*, 477 U.S. at 247-48). Summary judgment will be denied due to a material issue of genuine fact if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Crumley*, 324 F.3d at 1006. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine

4

issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, quoted in *St. Jude Med., Inc. v. Lifecare Intern., Inc.*, 250 F.3d 587, 595 (8th Cir. 2001).

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *Crumley*, 324 F.3d at 1006 (citing *Lynn v. Deaconess Med. Ctr.-W. Campus*, 160 F.3d 484, 487 (8th Cir. 1998)). The burden then shifts to the non-moving party who must set forth specific evidence showing that there is a genuine dispute as to material issues. *Anderson*, 477 U.S. at 249. To meet its burden, the non-moving party may not rest on the pleadings alone and must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

In analyzing summary judgment motions, the court must view the evidence in the light most favorable to the non-moving party. *Crumley*, 324 F.3d at 1008. The non-moving party is given the benefit of any inferences that can logically be drawn from those facts. *Matsushita*, 475 U.S. at 586. The court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

**B. Discussion**

Defendants seek summary judgment arguing that Plaintiff's claims are frivolous. First, Defendants argue that Plaintiff has failed to provide any factual allegations or evidence supporting

5

her claim that she was not advised of her due process rights under 15 U.S.C. § 1692(g). Plaintiff argues that Defendants are "Third Party Debt Collectors" and are required to abide by the provisions of the FDCPA.[4] The Court finds that the Intervale's rights to collect under the note were lawfully transferred to Wells Fargo pursuant to provision in the Note allowing Intervale to transfer its interest. While true that Wells Fargo and Defendants are required to follow the applicable consumer credit protection laws, Plaintiff has made unfounded accusations without providing any facts or supporting law to substantiate her claims. Specifically, Plaintiff claims that Defendants have "no claim" since they did not "first present[] the ORIGINAL PROMISSORY NOTE." (emphasis in Complaint). Plaintiff made the same argument in front of the bankruptcy court. In its October 3, 2005 Order, the Eighth Circuit Bankruptcy Appellate Panel, citing several Missouri cases, specifically found that "Missouri is not an 'original document' state." *In re Martens*, 05-6023 EM (8th Cir. Bk. App. Panel 2005). Plaintiff's claim is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *See* Fed. R. Civ. Pro. 11(b)(2). Thus, summary judgment will be granted as to Plaintiff's first claim.

Plaintiff's second claim is that her time to respond to collection efforts was shortened by Defendants in violation of her Due Process rights. Defendants argue that Plaintiff has failed to demonstrate facts and evidence that would entitle her to relief. The Court agrees. Plaintiff has not provided the Court with any evidence in support of her claim, and she cannot rest on bare assertions in support of her opposition to Defendants' Motion. Thus, summary judgment will be

---

[4]Plaintiff relies heavily on generic legal forms compiled by Richard Cornforth, a debt reduction specialist. The documents and forms include archaic and disputatious language. Furthermore, the few legal citations included are not to Eighth Circuit or Missouri cases.

granted on Plaintiff's second claim.

### III. MOTIONS FOR SANCTIONS

Rule 11 of the Federal Rules of Civil Procedure provides that

> By presenting to the court. . . a pleading, written motion, or other paper, an . . .unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . ..

Defendants argue that Plaintiff's claims are in violation of Rule 11(b)(1-3) and asks the Court to strike Plaintiff's pleadings and for such other further relief the Court deems just and necessary.

Pursuant to Rule 11(c), the Court has discretion to impose sanctions

> [i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. Pro. 11(c). Furthermore,

> [a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed. R. Civ. Pro. 11(c)(2). Here, Plaintiff's Complaint is frivolous and in violation of Rule

11(b)(1-3). The Court finds that it is clear that Plaintiff filed this action to relitigate her unsuccessful bankruptcy appeal. As of December 29, 2005, Plaintiff was still in possession of and occupying the real estate at issue in this case, and she has not made a mortgage payment since October 2004. In her Response to Defendants' Motions to Dismiss, Plaintiff claimed that the bankruptcy "Judge clearly acted Without Jurisdiction, a Void Judgment and an Act of Treason, so sayeth the U.S. Supreme Court." This lawsuit is clearly an attempt to delay the inevitable, Defendants' foreclosure on its interest in the real estate. Plaintiff's purpose for filing this lawsuit violates Rule 11(b)(1).

Plaintiff's arguments in this case are identical to the arguments she made to the bankruptcy court in support of her opposition of Defendants' Motion to lift the stay. The Eighth Circuit Bankruptcy Appellate Panel thoroughly addressed her arguments and the relevant law relating to each of her arguments and found her claims to be without merit. In this case, Plaintiff has reframed the issues around the FDCPA, but makes the same exact meritless arguments. Plaintiff's claims are not warranted by existing law, and her Complaint was not filed in good faith.

Finally, Plaintiff's Complaint contains numerous unsupported allegations against Defendants. For example, Plaintiff repeatedly alleged that Defendants engaged in collection practices that violated her Due Process rights. She claims that the Defendants failed to "cease and desist" collection efforts, but she has provided no facts or documentation suggesting that Defendants acted in violation of the FDCPA. She has not provided the Court will any letters, phone records, or other documentation showing that Defendants did not act in compliance with the law. Because Plaintiff's Complaint contains unfounded and unsupported allegations, her Complaint was filed in violation of Rule 11(b)(3).

The Court believes that sanctions are appropriate in this case, and the Court will grant Defendants' Motion.  The Court finds that Plaintiff shall pay the reasonable attorney's fees of Defendants Millsap & Singer and Countrywide.  The Court finds this sanction to be fair and in the interests of deterring like-minded homeowners from filing similar frivolous actions.

Accordingly,

**IT IS HEREBY ORDERED** that  Defendants' Motions to Dismiss [doc. # 4,5], converted to a Motion for Summary Judgment by the Court on December 22, 2005, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motions for Sanctions [doc. # 6,7] are **GRANTED**.  Defendants shall file a statement itemizing attorney's fees incurred in this action no later than **March 13, 2006.**  Plaintiff shall file any objections to the reasonableness of those fees **within 14 days**.  Thereafter, the Court will enter an Order awarding those fees deemed by the Court to be reasonable.

Dated this 3rd day of March, 2006.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE